**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

PROTOCOL, LLC,

Plaintiff,

v.

PERSONAL VENDING SYSTEMS, INC.,

Defendant.

Civil No. 01-1238 ADM/AJB

**ORDER**

The above matter came before the Court on Defendant's motion to amend and supplement its pleadings. Based on the file, affidavits, memoranda and arguments of counsel, IT IS HEREBY ORDERED THAT:

1. Defendant's motion is **denied** [Docket No. 29].

Dated: April 25, 2002

Arthur J. Boylan
UNITED STATES MAGISTRATE JUDGE

**MEMORANDUM**

Personal Vending Systems, Inc. ("PVS") moves to amend its pleadings to include Count XXIII, alleging a violation of the MN Franchise Act, and Count XXIV, alleging a breach of fiduciary duty. According to the Pretrial Scheduling Order in this case, all motions which seek to amend the pleadings should have been served by October 31, 2001. PVS's motion to amend was not made until April 2002 and so; pursuant to FED. R. CIV. P. 16(b), PVS must show good cause for modifying the Pretrial Scheduling Order.

APR 25 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

The good cause standard requires a showing that the existing Pretrial Scheduling Order could not have been met despite the reasonable diligence of the moving party. Archer Daniels Midland Co. v. Aon Risk Services, Inc. of Minnesota, 187 F.R.D. 578, 581-82 (D. Minn. 1999). The question of good cause does not turn on the existence or absence of prejudice to the non-moving party. Id. at 582.

Here, PVS has not shown good cause. PVS explains the delay by pointing to its attorney's inadvertence. This is not acceptable. Id. ("It hardly bears mention . . . that 'carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.'").

PVS also moves to supplement its original pleadings to include Count XXV, alleging breach of contract, Count XXVI, alleging breach of covenant of good faith and fair dealing, Count XXVII, alleging a violation of the MN Franchise Act, and Count XXVIII, alleging a breach of fiduciary duty. Once again, PVS must show good cause for the delay in proposing these four counts. The Court finds that good cause has been shown here because these counts are based on facts which occurred in January 2002 and because, after learning of the new facts, PVS first sought T.R.O. relief, which has been recently denied. The remaining issue is whether PVS has satisfied the dictates of FED. R. CIV. P. 15(d). The Court concludes that it has not.

A party should not be permitted to supplement a pleading where the supplementation would insert claims without merit. Schneeweis v. Northwest Technical College, No. Civ. 97-1742, 1998 WL 420564, at *13 (D. Minn. June 1, 1998). Here, the Court concludes that PVS's proposed supplemental claims are without merit.

With respect to the proposed supplemental claims, an important issue is whether the Protocol–Johnson & Johnson contract ("J&J contract") was terminated before PVS was ordered to remove the vending machines from the Johnson & Johnson facilities.[1] Although PVS offers some vague assertions in this regard, PVS never really alleges that the J&J contract was not terminated before PVS was ordered to remove the vending machines. Therefore, proposed Count XXV fails to state a claim for breach of contract.

Proposed Count XXVII fails to state a claim for a violation of the MN Franchise Act, even if the Protocol–PVS contract was a franchise agreement. The Unfair practices section of the MN Franchise Act (MINN. STAT. § 80C.14) draws a distinction between the *cancellation* of a franchise agreement and the *expiration* of a franchise agreement. It is true that PVS, in proposed Count XXVII, alleges that Protocol *cancelled* the Protocol–PVS agreement. This assertion, however, rests upon the assumption that the J&J contract was not terminated before PVS was ordered to remove the vending machines. As noted above, PVS never really makes this claim.

Proposed Counts XXVI & XXVIII also fail to state a claim. These proposed counts allege a host of acts and omissions that have no apparent legal consequence. No doubt, Protocol's acts played a part in the ultimate demise of PVS's relationship with Johnson & Johnson. But, this event was clearly contemplated by the Protocol–PVS contract.

AJB

[1]The Court has thoroughly reviewed the Protocol–PVS contract, as it is part of the record. It was submitted as Exhibit A to the Affidavit of Robert DeMattia in support of Defendant's motion for injunctive relief. According to the Protocol–PVS contract, if the J&J contract terminated, the Protocol–PVS contract expired.