**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Protocol, L.L.C.

Plaintiff,

v.

Personal Vending Services, Inc.

Defendant.

**MEMORANDUM OPINION AND ORDER**
Civil No. 01-1238 ADM/AJB

---

Alan M. Anderson and Sharna A. Wahlgren, Fulbright & Jaworski L.L.P., for and on behalf of the Plaintiff.

R. Daniel Rasmus, Phillippi & Rasmus, L.L.C., for and on behalf of the Defendant.

---

## I. INTRODUCTION

The above-entitled matter is before the undersigned United States District Judge pursuant to Defendant Personal Vending Services's ("Defendant") appeal [Doc. No. 67] of Magistrate Judge Arthur J. Boylan's July 2, 2002 Pretrial Order and Plaintiff Protocol, L.L.C.'s ("Plaintiff") Memorandum in Opposition to Defendant's Appeal [Doc. No. 71]. The Order granted in part and denied in part Plaintiff's motion to compel discovery. Defendant objects to (1) having Steven Colarossi ("Colarossi") provide supplemental answers to interrogatories 22, 23, 24; (2) requiring Colarossi to discuss the location of Personal Vending Services, Inc.'s ("PVS") vending machines; (3) providing information regarding Pro Scribe Distributors, Inc.; and (4) producing Colarossi at Plaintiff's counsel's office in Minneapolis, Minnesota for an additional 3.5 hours of deposition. Based on the Court's review of the record and the parties' memorandum, and for the



AUG 2 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

reasons set for below, the Order is affirmed.

## II. DISCUSSION

The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive matter is extremely deferential. The district court must affirm an order by a magistrate judge unless it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); see also Banbury v. Omnitrition Int'l. Inc., 818 F. Supp. 276, 279 (D. Minn. 1993). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Chakales v. Commissioner of Internal Revenue, 79 F.3d 726, 728 (8th Cir. 1996), (quoting Chase v. Commissioner, 926 F.2d 737, 740 (8th Cir. 1991)).

In this case, Judge Boylan's Order was clearly not erroneous. A review of the record indicates it is appropriate to compel Defendant to cooperate further in the production of discovery. Judge Boylan correctly requires Colarossi to supplement the answers to Interrogatories 22, 23, 24. Defendant argues that requiring further answers from Colarossi would be duplicative. See Defs. Appeal at 3. However, it is clear that Defendant's initial responses were partial and evasive. Given the incomplete nature of Defendant's original answers, supplemental responses are appropriate. In light of the underlying facts of this action, these interrogatories appear reasonably calculated to lead to the disclosure of admissible evidence. See Fed. R. Civ. P. 26(b)(1).

The Federal Rules of Civil Procedure provide that Plaintiff is entitled to depose Colarossi for 7 hours. See Fed. R. Civ. Pr. 30(d)(2). Since Colarossi left his deposition early, it is appropriate that he participate in an additional 3.5 hours of questioning. Defendant argues that

additional testimony from Colarossi would be "fruitless." See Defs. Appeal at 3. It is not for Defendant to determine whether or not another 3.5 hours is necessary. Because Colarossi exited the deposition at his own initiative, Defendant must bear the expenses incurred for his travel.

At his deposition, Colarossi is required to provide answers to questions regarding: Interrogatories 22, 23, 24; the location of PVS vending machines; and Pro Scribe Distributors, Inc. Answers to the last two matters are for attorney's eyes only, conforming to Judge Boylan's Order.

## III. CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that the July 2, 2002 Order of Magistrate Judge Boylan [Doc. No. 64] is **AFFIRMED**.

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: August 1, 2002