**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

---

PROTOCOL, LLC,

Plaintiff,

v.

PERSONAL VENDING SYSTEMS, INC.,

Defendant.

Civ. No. 01-1238 ADM/AJB

**ORDER ON MOTION TO AMEND COMPLAINT**

---

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on Defendant's motion for leave to amend the complaint to allege punitive damages [Docket No. 49]. Hearing was held on July 15, 2002, at the U.S. Courthouse, 316 No. Robert St., St. Paul MN 55101. Sharna A. Wahlgren, Esq. appeared on behalf of the Plaintiff. R. Daniel Rasmus, Esq. appeared on behalf of the Defendant.

Based on the file, affidavits, memoranda and arguments of counsel, **IT IS HEREBY ORDERED** that Defendant's motion for leave to file an amended complaint is **denied**. [Docket No. 49].

Dated: August 9, 2002

Arthur J. Boylan
United States Magistrate Judge

AUG 0 9 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

**MEMORANDUM**

Defendant in this matter seeks to amend its complaint to assert claims for punitive damages. Plaintiff opposes the motion because it believes, *inter alia*, that the motion fails to link specific causes of action to the claim for punitive damages. As discussed below, the Court agrees.

Under Minnesota law, a party cannot allege punitive damages in its original complaint, it must move to amend the complaint to allege punitive damages. MINN. STAT. §549.191. The Court must find prima facie evidence to support the motion for leave to amend to allege punitive damages. MINN. STAT. § 549.191. The finding of "prima facie" evidence does not require the moving party to produce quantum evidence, rather it simply means that the Court will examine only the moving party's support for the motion, not the opposing party's evidence against the motion. *See Swanlund v. Shimano Indus. Corp., Ltd.,* 459 N.W.2d 151, 154 (Minn. Ct. App.) [discussing the prima facie evidence standard in motions to amend a complaint for punitive damages].

Punitive damages in civil actions are allowed under Minnesota law upon clear and convincing evidence that the acts of the defendant show deliberate disregard for the rights or safety of others. MINN. STAT. § 549.20 (2002). The clear and convincing evidence standard is less than beyond a reasonable doubt but more than a mere preponderance of the evidence. *Ulrich v. City of Crosby*, 848 F. Supp. 861, 868 (D. Minn. 1994). This standard also requires a showing that "the defendant has knowledge of facts or intentionally disregards facts that create a high probability of injury to the rights or safety of others." MINN. STAT. § 549.20 (1)(b). The moving party must also show one of the following: "(1) deliberately proceeds to act in conscious or intentional disregard of the high degree of probability of injury to the rights or safety of others; or (2) deliberately proceeds to act with indifference to the high probability of injury to the rights or safety of others." *Id.*

The Defendant Personal Vending Systems, Inc. ("PVS") presents the following evidence in support of its motion to amend to allege punitive damages. In 1994, PVS began its contractual relationship with Protocol, LLC ("Protocol"). This relationship entailed, *inter alia*, a contractual relationship where PVS purchased Protocol's vending machines (dispensing personal hygiene products) for use in and near the Boston, Massachusetts area. Protocol's part in the relationship involved providing continual sales and marketing assistance to PVS. PVS claims in its motion that its difficulties with Protocol date back to October 1998 when "Protocol began taking actions that harmed PVS and its business."

PVS details seven "bad acts" on the part of Protocol in specific support of this motion. PVS claims (1) in the Fall of 1998 Protocol failed to deliver on its promise to compensate PVS for its help in securing a national account with the company Osram Sylvania; (2) in August and September of 1999 Protocol sent a copy of a letter to one of PVS's clients, that was originally sent to PVS, accusing PVS of breaching their contract by being tardy in submitting a report related to a national account of Protocol. PVS claims this communication to PVS's client damaged its reputation; (3) in 1999 Protocol provided inaccurate revenue projections for vending machines PVS placed at Hoyts Cinema locations (a new national account of Protocol at the time). PVS claims these inaccurate projections illustrate the difficulty in PVS's communications with Protocol; (4) Protocol was habitually late in making subsidy payments and violated provisions of the contract between Protocol and PVS by increasing management fees;[1] (5) Protocol pressured at least three other suppliers not to sell vending machine products directly to distributors like PVS; (6) in May of

[1] PVS claims Protocol was obligated to collect subsidy payments from its national accounts and pay distributors such as PVS a portion of those subsidy payments for servicing those national accounts. PVS specifically cites late payments of subsidies collected from Protocol's large national account with the national healthcare and hygiene producer Johnson & Johnson.

2001 Protocol terminated the distributor agreement with PVS to allegedly give PVS's accounts to Protocol's affiliate and/or subsidiary, Air Serve New England; and (7) in June of 2001 Protocol sent a letter to PVS claiming it was in breach of contract because of a failure to pay fees due to Protocol. PVS claims Protocol had no right to demand payment of fees from PVS when it had terminated the contractual relationship and obligations between the parties.

These seven "bad acts" claimed by PVS, while they may be true, do not explicitly link the claim for punitive damages to any cause of action. It must be remembered that, "punitive damages" is not, itself, a cause of action. Here, the Defendant seems to desire that the Court fit the pieces of the punitive damage claim and its counterclaims together. For instance, the third "bad act"claimed by PVS could assumably be linked to PVS's counterclaim of fraudulent misrepresentation. However, in PVS's memorandum in support of the motion to amend for punitive damages it not once mentions that this support for punitive damages is specifically linked to any cause of action. It simply states the alleged misrepresentation on the part of Protocol in regards to vending machine revenue at Hoyts Cinema locations and then emphasizes how Protocol was found in violation of the Federal Franchise Rule by this Court. It is the moving party's duty to expressly draw the link between the claim for punitive damages and a specific cause of action. In this case, the Defendant has not been successful in developing those explicit connections. And this failure on the part of the Defendant to link the motion to amend for punitive damages to any specific cause of action is why this motion is **denied.**

AJB