**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Protocol, LLC,

Civil No. 01-1238 ADM/AJB

Plaintiff,

v.

**ORDER ON MOTION FOR PROTECTIVE ORDER**

Personal Vending Systems, Inc.,

Defendant.

This matter came before the Court, Magistrate Judge Arthur J. Boylan, on defendant's motion for protective order [Docket No. __]. Hearing was held by telephone conference on October 10, 2002, at the U.S. Courthouse, 316 No. Robert St., St. Paul MN 55101. Sharna A. Wahlgren, Esq., appeared on behalf of the plaintiff. R. Daniel Rasmus, Esq., appeared on behalf of the defendant. Defendant's moves for protective order limiting the scope of inquiry in the deposition of Mr. Rob DeMattia

Based upon the file and documents contained therein, along with written arguments of counsel, **IT IS HEREBY ORDERED** that defendant's motion for protective order is **denied** [Docket No. __]. Unless alternative arrangements have since been made by mutual agreement, the deposition of Mr. DeMattia shall take commence on October 15, 2002, at the court reporter's office as designated by plaintiff's counsel. Defendant shall provide information responsive to inquiry relating to placement of PVS vending machines and shall further provide information responsive to inquiries relating to ProScribe, Inc., including financial and banking information. The Court previously determined by Order dated July 2, 2002, that the information



OCT 15 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

at issue in this motion is discoverable and could be obtained through the deposition of Steven A. Colarossi, an employee of the defendant. The information was not provided by Mr. Colarossi and defendant again resists the same discovery via deposition of Mr. DeMattia. Whatever the reason these issues are now before the Court with respect to the deposition of Mr. DeMattia rather than on Mr. Colarossi's deposition, the discoverability of the information has been previously determined by the Magistrate Judge and affirmed by the District Court. Defendant should seriously reconsider its position whereby the Court is advised that PVS would not consider any disclosure of the information prior to settlement conference scheduled for October 22, 2002, except on specific findings[1] to be made by the Court which, in essence, have already been made. Indeed, the information is likely relevant to those settlement discussions.

Dated: 10/15/02

Arthur J. Boylan
United States Magistrate Judge

[1] Affidavit of R. Daniel Rasmus, paragraph 7.