**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Protocol, LLC,

Plaintiff,

v.

Personal Vending Systems, Inc.,

Defendant.

Civil Action No. 01-1238 (ADM/AJB)

**ORDER**

---

Based on the submissions and agreements of the parties, the following is hereby ordered:

1. That the attached Settlement Agreement fully and accurately reflects the agreement the parties reached in open court on the 22nd day of October, 2002, and constitutes the sole and entire agreement between the Plaintiff and Defendant.

Either party may make the appropriate motion before the district court for the entry of the Order attached to the Settlement Agreement and marked Exhibit A.

2. Defendant's Motion for Sanctions [Docket No. 100] is **DENIED**.

Dated: January 10, 2003.

ARTHUR J. BOYLAN, Magistrate Judge
United States District Court

MEMORANDUM

It would obviously be preferable to have each of the parties sign the Settlement Agreement, and they are encouraged to do so. However, even in the absence of their signatures, the matter has been fully settled as reflected in the Order set forth above.

AJB

FILED JAN 10 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## SETTLEMENT AGREEMENT

Now come Personal Vending Systems, Inc. ("PVS"), Robert C. DeMattia ("DeMattia"), Steven A. Colarossi ("Colarossi'), ProScribe Distributors, Inc. ("ProScribe"), AIR-serv Group, LLC ("AIR-serv"), Protocol, LLC ("Protocol") and Brett McKay ("McKay"), to enter into this Settlement Agreement as of the 22nd day of October 2002:

WHEREAS, Protocol commenced a civil action against PVS in June of 2001 in the District Court for the State of Minnesota, Hennepin County, File No. CT 01-008626, which was removed to the United States District Court for the District of Minnesota (Civil No. 01-1238 (ADM/AJB) (the "Minnesota Actions") in which PVS asserted counterclaims against Protocol; and

WHEREAS, PVS commenced a civil action against AIR-serv, McKay and Air-Serv Distribution Service, Inc. ("ASDS") in August of 2002 in the Commonwealth of Massachusetts Trial Court, Superior Court, Civil Action No. 02-2786G, which case was remanded to the United States District Court for the District of Massachusetts in September of 2002 (Docket No. 02-11814-RWZ) (the "Massachusetts Actions"); and

WHEREAS, PVS, Protocol, AIR-serv and McKay wish to and have agreed to release one another from the claims and counterclaims asserted in the Minnesota Actions, and Massachusetts, Actions without any admission of liability, and to dismiss said claims with prejudice and without costs on the terms and conditions set forth herein.

NOW THEREFORE, for good and valuable consideration (including, but not limited to, the mutual releases and agreements set forth herein), the receipt and sufficiency of which is hereby acknowledged, the parties named above hereby agree as follows:

1. The parties agree that the stipulation and orders that are attached as Exhibits A and B ("Orders") and incorporated herein by reference shall be promptly executed by the parties and their counsel, and Protocol will then promptly file the Orders with the courts. The parties agree that they shall take no action to contest or appeal the courts' entry of the Orders.

2. Air-Serv, McKay and Protocol for themselves and for their successors and assigns, and on behalf of their officers, directors, employees, agents and attorneys, hereby unconditionally release and forever discharge PVS, DeMattia, Colarossi and Pro Scribe, including (but not limited to) their past and present agents, representatives, attorneys, servants, employees, officers, directors, and insurers (if any) jointly and severally, of and from any and all claims, actions, causes of action, suits, demands, liabilities, losses, costs and damages, whether known or unknown, accrued or unaccrued, in law, equity or otherwise, which Air-Serv, McKay, Protocol, or their agents, successors, assigns, attorneys, servants, employees, officers, directors, predecessors, and insurers (if any) may now have, or have merely upon the passage of time or filing of claims (or both) against said parties (including, but not limited to, all claims and counterclaims set forth in, or otherwise related to, either the Minnesota Federal Action

or the Massachusetts Lawsuit, including a release of all parties who were or may have been identified as co-conspirators in such actions).

3. (a) PVS and Pro Scribe for themselves and for their successors and assigns, and on behalf of their officers, directors, employees, agents and attorneys, hereby unconditionally release and forever discharge Air-Serv, McKay and Protocol, including (but not limited to) their past and present agents, representatives, attorneys, servants, employees, officers, directors, and insurers (if any) jointly and severally, of and from any and all claims, actions, causes of action, suits, demands, liabilities, losses, costs and damages, whether known or unknown, accrued or unaccrued, in law, equity or otherwise, which PVS and Pro Scribe, or their agents, successors, assigns, attorneys, servants, employees, officers, directors, predecessors, and insurers (if any) may now have, or have merely upon the passage of time or filing of claims (or both) against said parties (including, but not limited to, all claims and counterclaims set forth in, or otherwise related to, either the Minnesota Federal Action or the Massachusetts Lawsuit, including a release of all parties who were or may have been identified as co-conspirators in such actions).

(b) DeMattia and Colarossi, and their successors and assigns, and on behalf of their agents and attorneys, hereby unconditionally releases and forever discharges Air-Serv, McKay and Protocol, including (but not limited to) their past and present agents, representatives, attorneys, servants, employees, officers, directors and insurers (if any) jointly and severally, of and from any and all claims, actions, causes of action, suits, demands, liabilities, losses, costs and damages, whether known or unknown, accrued or unaccrued, in law, equity or otherwise, which DeMattia and Colarossi, or their agents, successors, assigns, attorneys, servants, employees and insurers (if any) may now have, or have merely upon the passage of time or filing of claims (or both) against said parties (including, but not limited to, all claims and counterclaims set forth in, or otherwise related to, either the Minnesota Federal Action or the Massachusetts Lawsuit, including a release of all parties who were or may have been identified as co-conspirators in such actions).

4. The parties agree to the immediate dismissal without costs and with prejudice of all claims and counterclaims asserted in the Minnesota and Massachusetts Actions.

5. The parties agree that their rights and obligations relating to the placement of vending equipment under the Distributor Agreement, dated June 8, 1994, and entered into between Protocol and PVS has been of no force or effect since June 8, 2001. The parties agree that all other agreements and contracts between Protocol or its affiliates, and PVS have been duly terminated, except that the location agreements for General Growth, ERE Yarmouth, Zamias, and Hoyt's locations are in effect through November 29, 2002.

6. In paragraphs 7, 8, and 9, "PVS" means: Personal Vending Systems, Inc., DeMattia, Colarossi, ProScribe, and any entity in which any past or present owner,

officer, or director of Personal Vending Systems, Inc. is an officer, manager, supervisor, principal, agent, consultant, employee, partner, shareholder, joint venturer, or director, or directly or indirectly participated or participates in the ownership, management, operation, or control of, or is otherwise affiliated with in any way.

7. PVS agrees that it will not market, manufacture, sell or lease for sale, prior to June 8, 2003, any vending machine which is capable of dispensing for sale over the counter medication, personal hygiene products and/or personal products (including, but not limited to, analgesics, cold medications, cough drops, antacids, first-aid kits, tampons, sanitary pads, breath fresheners, temporary tattoos, condoms, colognes, perfumes, glow sticks, sour drops, lip balm, chewing gum, tooth brushes and paste, and products of the kind presently vended by the Protocol-manufactured personal care product vending machines currently owned and operated by PVS) (herein a "Personal Care Product Vending Machine").

8. (a) PVS agrees that no later than December 17, 2002, it will remove all Personal Care Product Vending Machines owned by, leased by, serviced by, or controlled by PVS which are located at any location owned, operated, leased or managed by Hoyt's Cinemas, General Growth, ERE Yarmouth, and Zamias, or any division or entity affiliated with any of these four (4) identified entities.

(b) PVS agrees to render a final accounting and payment to Protocol in accordance with their agreements. The parties agree to coordinate a removal schedule that is mutually agreeable, and provides with Protocol with at least 5 days notice prior to removal.

9. (a) PVS agrees that it will not provide personal care product vending machines at any location owned, operated, leased, or managed by Johnson & Johnson, its divisions, and/or any affiliated entity (collectively "Johnson & Johnson") before March 12, 2004, or General Growth, its divisions, and/or any affiliated entity (collectively "General Growth") before December 1, 2004, or ERE Yarmouth, its divisions, and/or any affiliated entity (collectively "ERE Yarmouth") before December 1, 2004, or Zamias, its divisions, and/or any affiliated entity (collectively "Zamias") before December 1, 2004, or Hoyt's Cinemas Corporation, its divisions, and/or any affiliated entity (collectively "Hoyt's") before December 1, 2004.

(b) PVS agrees not to write, call, speak with, e-mail, market, send anything to, or in any way communicate with Johnson & Johnson with respect to Personal Care Product Vending Machines until after March 12, 2004, or with General Growth after November 29, 2002 and before December 1, 2003, or with ERE Yarmouth after November 29, 2002 and before December 1, 2004, or with Zamias after November 29, 2002 and before December 1, 2004, or with Hoyt's after November 29, 2002 and before December 1, 2004.

10. (a) This Agreement and the Orders constitute the entire agreement between the parties in relation to the subject matter. No term or provision of this Agreement may be varied, changed, modified, waived or terminated orally, except by an instrument in

writing signed by the party against whom the enforcement of the variation, change, modification, waiver or termination is sought.

(b) If any part or provision of this Agreement shall be held invalid or unenforceable, such invalidity or unenforceability shall not affect the remaining terms of this Agreement and all remaining terms and obligations shall be binding on the parties hereto.

(c) The parties agree to execute documents or provide such other assurances as may reasonably be requested by any other party.

(d) The parties enter into this Agreement as a full and complete settlement and compromise of all claims by the parties hereto which were made in the Minnesota State Action, Minnesota Federal Action, Massachusetts State Action, and/or Massachusetts Federal Action, and all causes of action and counterclaims accruing, prior to the date of this Agreement, that could have been brought based on the facts, circumstances, or events alleged in the complaints, answers, counterclaims, and replies in such actions.

(e) The parties represent and state that they are represented by counsel and have been fully informed and have knowledge of the terms, conditions, and effects of this Agreement. The parties further represent and state that no promise or inducement has been made except as set forth in this Agreement.

(f) This Agreement shall be binding upon, and shall inure to the benefit of, the parties, and their subsidiaries, divisions, affiliates, parent companies, successors, successors in interest, assigns, trustees, officers, directors, shareholders, agents, representatives, attorneys, insurers, and employees.

(g) All terms of this Agreement are contractual and not mere recital.

(h) All signatory parties represent and warrant that: (i) they possess the full and complete authority to covenant and agree as provided herein, (ii) they have the full and complete authority to execute this Agreement for the purposes set forth herein, and (iii) the execution, delivery and performance of this Agreement is not prohibited by any other agreement to which they are a party.

(i) This Agreement shall be deemed to have been drafted jointly and approved by all parties and their respective counsel. Any ambiguity or uncertainty shall not be construed for or against any party based upon any attribution of drafting to any party.

(j) This Agreement shall be governed by, and construed in accordance with, the laws of the State of Minnesota, and the parties to this Agreement agree to submit to the exclusive jurisdiction of the state and federal courts of Minnesota with respect to any litigation pertaining to this Agreement. Such litigation shall be venued in federal court, if possible. If venued in state court, such litigation shall be venued in Hennepin County, Minnesota, if possible.

(k) This Agreement may be executed in counterparts, each of which shall be deemed an original.

IN WITNESS THEREOF, the parties have caused this Settlement Agreement to be signed in their respective names, each signature constituting a warranty that this Settlement Agreement is enforceable against each of the signatory parties.

AIR-serv Group, LLC

By:

______________________________

Name:
Title:

Personal Vending Systems, Inc.

By:

______________________________

Name:
Title:

Protocol, LLC

By:

______________________________

Name:
Title:

ProScribe Distributors, Inc.

By:

______________________________

Name:
Title:

______________________________
Brett McKay

______________________________
Robert C. DeMattia

______________________________
Steven A. Colarossi



30371210.2

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Protocol, LLC, Civil Action No. 01-1238 (ADM/AJB)

Plaintiff,

v. **ORDER**

Personal Vending Systems, Inc.,

Defendant.

---

Whereas Plaintiff Protocol, LLC ("Protocol") and Defendant Personal Vending Systems, Inc. ("PVS"), by their respective counsel of record, have reached a full and final settlement as reflected in the Order of Magistrate Judge Arthur J. Boylan dated January 9, 2003, and have by their Settlement Agreement, stipulated and consented to the entry of the following Order:

IT IS HEREBY ORDERED that: (A) PVS, and any and all parents, subsidiaries, divisions, affiliates, successors, successors in interest, officers, directors, owners, employees, and agents or representatives thereof; (B) Robert C. DeMattia; (C) Steven A. Colarossi; (D) any entity in which Mr. DeMattia and/or Mr. Colarossi directly or indirectly participates in the ownership, management, operation, or control of, or in which either is an officer, manager, supervisor, principal, agent, consultant, employee, partner, shareholder, joint venturer, or director, or is otherwise affiliated with in any way ("DeMattia/Colarossi Entity"), including but not limited to Pro Scribe Distributors, Inc.; (E) any of the DeMattia/Colarossi Entity's successors, assigns, agents, representatives, servants, employees, officers, directors, licensees, and stockholders; and (F) all

persons or entities in active concert with any of the foregoing who receive actual notice of this Order are hereby enjoined and restrained from:

1. Manufacturing, selling, offering for sale, leasing for sale, or marketing any piece of equipment, product, machine, or vending machine which is used for or capable of vending any over the counter medication (including but not limited to first-aid kits, cough drops, cold medication, antacids, and analgesics), personal hygiene product (including but not limited to tampons, panty shields and sanitary pads), and/or personal product (including but not limited to breath fresheners, condoms, novelties, colognes, perfumes, glow sticks, sour drops, lip balm, chewing gum, tooth brushes and paste, and temporary tattoos) (referred to as a "Personal Care Product Vending Machine") until June 8, 2003.

2. Selling, placing, or servicing a Personal Care Product Vending Machine, or in any way doing vending business at any location owned, operated, leased, or managed by: (a) ERE Yarmouth, its divisions, and/or any affiliated entity (collectively "ERE Yarmouth"); (b) General Growth, its divisions, and/or any affiliated entity (collectively "General Growth"); (c) Hoyt's Cinemas Corporation, its divisions, and/or any affiliated entity (collectively "Hoyt's"); and (d) Zamias, its divisions, and/or any affiliated entity ("Zamias"), after November 29, 2002, and before December 1, 2004.

3. Selling, placing, or servicing a Personal Care Product Vending Machine, or in any way doing vending business at any location owned, operated, leased, or managed by Johnson & Johnson, its divisions, and/or any affiliated entity (collectively "Johnson & Johnson") before March 12, 2004.

4. Writing, calling, speaking with, e-mailing, marketing, sending anything to,

or in any way communicating with General Growth, and/or anyone employed by, retained by, or acting on behalf of General Growth, before December 1, 2003.

5. Writing, calling, speaking with, e-mailing, marketing, sending anything to, or in any way communicating with (1) ERE Yarmouth, and/or any individual employed by, retained by, or acting on behalf of ERE Yarmouth; (2) Hoyt's, and/or any individual employed by, retained by, or acting on behalf of Hoyt's (3) Zamias, and/or any individual employed by, retained by, or acting on behalf of Zamias, after November 29, 2002 and before December 1, 2004.

6. Writing, calling, speaking with, e-mailing, marketing, sending anything to, or in any way communicating with Johnson & Johnson, and/or anyone employed by, retained by, or acting on behalf of Johnson & Johnson, before March 12, 2004.

IT IS FURTHER ORDERED that this Court shall retain continuing jurisdiction over this action for the purpose of enforcing, if and as necessary, the provisions hereof and of the Settlement Agreement dated October 22, 2002; and

IT IS FURTHER ORDERED that in all other respects, this action is dismissed with prejudice and on the merits, and without costs or fees to either party.

Dated: ___________________, 2003.

_______________________________________
ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

# Exhibit A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

---

Personal Vending Systems, Inc.,

Plaintiff,

v. Civil Action No. 02-11814 RWZ

Brett McKay, AIR-serv Group, LLC, and
Air-Serv Distribution Services, Inc.,

Defendants.

---

**STIPULATION OF DISMISSAL WITH PREJUDICE**

The parties by their respective undersigned counsel hereby stipulate, pursuant to Fed. R. Civ. P. 41(a)(1)(i) and (ii), that this action is dismissed in its entirety as to all parties, with prejudice and on the merits, with all parties to bear their own fees and costs, and with all rights of appeal being hereby waived.

Dated:

____________________________
Kevin G. Kenneally
(BBO No.550050)
Andrew P. Botti
(BBO No. 558755)
Dennis M. Lindgren
(BBO No. 648007)
DONONVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210
(617) 406-4500

Alan M. Anderson
Sharna A. Walgren
FULBRIGHT & JAWORSKI L.L.P.

225 South Sixth Street
Suite 4850
Minneapolis, MN 55402
(612) 321-2800

Attorneys for Defendants Brett McKay and AIR-serv Group, LLC

Dated:

______________________________

Jarrod M. Hochman
(BBO No. _________)
LEPORE & HOCHMAN
45 Broadway
Revere, MA 02151
(781) 286-8800

Attorneys for Plaintiff Personal Vending Systems, Inc.

IT IS SO ORDERED.

BY THE COURT:

Dated:

______________________________

Rya W. Zobel
United States District Judge

Exhibit B