**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Protocol, LLC,

Plaintiff,

v.

Personal Vending Systems, Inc.,

Defendant.

Civil Action No. 01-1238 (ADM/AJB)

**ORDER**

---

Whereas Plaintiff Protocol, LLC ("Protocol") and Defendant Personal Vending Systems, Inc. ("PVS"), by their respective counsel of record, have reached a full and final settlement as reflected in the Order of Magistrate Judge Arthur J. Boylan dated January 10, 2003, and have by their Settlement Agreement, stipulated and consented to the entry of the following Order:

IT IS HEREBY ORDERED that: (A) PVS, and any and all parents, subsidiaries, divisions, affiliates, successors, successors in interest, officers, directors, owners, employees, and agents or representatives thereof; (B) Robert C. DeMattia; (C) Steven A. Colarossi; (D) any entity in which Mr. DeMattia and/or Mr. Colarossi directly or indirectly participates in the ownership, management, operation, or control of, or in which either is an officer, manager, supervisor, principal, agent, consultant, employee, partner, shareholder, joint venturer, or director, or is otherwise affiliated with in any way ("DeMattia/Colarossi Entity"), including but not limited to Pro Scribe Distributors, Inc.; (E) any of the DeMattia/Colarossi Entity's successors, assigns, agents, representatives, servants, employees, officers, directors, licensees, and stockholders; and (F) all persons or entities in active concert with any of the foregoing who receive actual notice

FILED AUG 1 9 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

of this Order are hereby enjoined and restrained from:

1. Manufacturing, selling, offering for sale, leasing for sale, or marketing any piece of equipment, product, machine, or vending machine which is used for or capable of vending any over the counter medication (including but not limited to first-aid kits, cough drops, cold medication, antacids, and analgesics), personal hygiene product (including but not limited to tampons, panty shields and sanitary pads), and/or personal product (including but not limited to breath fresheners, condoms, novelties, colognes, perfumes, glow sticks, sour drops, lip balm, chewing gum, tooth brushes and paste, and temporary tattoos) (referred to as a "Personal Care Product Vending Machine") until June 8, 2003.

2. Selling, placing, or servicing a Personal Care Product Vending Machine, or in any way doing vending business at any location owned, operated, leased, or managed by: (a) ERE Yarmouth, its divisions, and/or any affiliated entity (collectively "ERE Yarmouth"); (b) General Growth, its divisions, and/or any affiliated entity (collectively "General Growth"); (c) Hoyt's Cinemas Corporation, its divisions, and/or any affiliated entity (collectively "Hoyt's"); and (d) Zamias, its divisions, and/or any affiliated entity ("Zamias"), after November 29, 2002, and before December 1, 2004.

3. Selling, placing, or servicing a Personal Care Product Vending Machine, or in any way doing vending business at any location owned, operated, leased, or managed by Johnson & Johnson, its divisions, and/or any affiliated entity (collectively "Johnson & Johnson") before March 12, 2004.

4. Writing, calling, speaking with, e-mailing, marketing, sending anything to, or in any way communicating with General Growth, and/or anyone employed by,

retained by, or acting on behalf of General Growth, before December 1, 2003.

5. Writing, calling, speaking with, e-mailing, marketing, sending anything to, or in any way communicating with (1) ERE Yarmouth, and/or any individual employed by, retained by, or acting on behalf of ERE Yarmouth; (2) Hoyt's, and/or any individual employed by, retained by, or acting on behalf of Hoyt's (3) Zamias, and/or any individual employed by, retained by, or acting on behalf of Zamias, after November 29, 2002 and before December 1, 2004.

6. Writing, calling, speaking with, e-mailing, marketing, sending anything to, or in any way communicating with Johnson & Johnson, and/or anyone employed by, retained by, or acting on behalf of Johnson & Johnson, before March 12, 2004.

IT IS FURTHER ORDERED that this Court shall retain continuing jurisdiction over this action for the purpose of enforcing, if and as necessary, the provisions hereof and of the Settlement Agreement dated October 22, 2002; and

IT IS FURTHER ORDERED that in all other respects, this action is dismissed with prejudice and on the merits, and without costs or fees to either party.

Dated: August 19, 2003.

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

# Exhibit A