**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Protocol, LLC,

Plaintiff,

v.

Personal Vending Systems, Inc.,

Defendant.

**MEMORANDUM OPINION AND ORDER**
Civil No. 01-1238 ADM/AJB

---

Alan M. Anderson, Esq., Fulbright & Jaworski, L.L.P., Minneapolis, MN, on behalf of Plaintiff Protocol, LLC.

R. Daniel Rasmus, Esq., Dady & Garner, P.A., Minneapolis, MN, on behalf of Defendant Personal Vending Systems, Inc.

---

This matter comes before the undersigned United States District Judge on Plaintiff Protocol, LLC's, Motion to Dismiss [Docket No. 104]. On January 10, 2003, Magistrate Judge Arthur J. Boylan entered an Order [Docket No. 102] finding that this case was settled by the parties and attached the Settlement Agreement as a proposed Order. Therein, it was ordered that:

> [T]he attached Settlement Agreement fully and accurately reflects the agreement the parties reached in open court on the 22nd day of October, 2002, and constitutes the sole and entire agreement between the Plaintiff and Defendant.

January 10, 2003 Order ¶ 1. The Order notes:

> It would obviously be preferable to have each of the parties sign the Settlement Agreement, and they are encouraged to do so. However, even in the absence of their signatures, the matter has been fully settled as reflected in the Order set forth above.

Id. at 1.

After Defendant subsequently refused to stipulate and consent to the entry of the proposed Order, Plaintiff filed this Motion to Dismiss the case pursuant to the Settlement

FILED AUG 1 9 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Agreement. Defendant now asserts that the Settlement Agreement attached to Judge Boylan's January 10, 2003 Order does not accurately reflect the terms of the actual agreement. Def.'s Opp'n at 1. Defendant had ten days to appeal the Order. D. Minn. LR 72.1(c)(2). Defendant did not do so. The first notice to the Court of Defendant's opposition to the January 10, 2003 Order was the Memorandum opposing Plaintiff's Motion to Dismiss, filed four months after the Order. The substantial delay in Defendant's bringing attention to its' apparent disagreement with the settlement terms is significant and fatal to its current position on the effect of the Order.

Moreover, Federal Rule of Civil Procedure 41(a)(2) provides for dismissal of an action by order of the court upon "such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). "The decision to dismiss an action rests within the sound discretion of the trial court . . . ." Schwarz v. Folloder, 767 F.2d 125, 129 (5th Cir. 1985) (citation omitted). Here, Judge Boylan clearly stated in the January 10, 2003 Order that a full and complete settlement agreement was reached by both parties. January 10, 2003 Order at 1. The Settlement Agreement reflects that "[t]he parties agree to the immediate dismissal without costs and with prejudice of all claims and counterclaims asserted . . . ." Settlement Agreement ¶ 4.

Defendant's delinquent argument that the terms of the settlement as memorialized by Judge Boylan in the Settlement Agreement attached to his January 10, 2003 Order are inaccurate is not sufficient to overcome the lateness of Defendant's attempt to shun the agreement. Cf. 4:20 Communications, Inc. v. The Paradigm Co. et al., No. 02-1692, slip op. at 1-2 (8th Cir. July 21, 2003) (holding that dismissal with prejudice based on a final negotiated settlement is valid where parties submitted conflicting proposals to reduce the negotiated settlement to a written agreement but neither party timely sought relief from final judgment under Rule 60(b)).

The Settlement Agreement is valid and enforceable. Accordingly, this case is dismissed with prejudice in accordance with the terms of the Settlement Agreement, and the Order attached as Exhibit A to this Order is hereby entered by this Court.

Based on all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Dismiss [Docket No. 104] is **GRANTED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

Ann Montgomery

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Date: August 19, 2003

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd